Mr. Justice Scott delivered the opinion of the Court. This petition presents no proper ground for the action of this court in the premises. If the petitioner had desired to submit his alleged grounds for revision by appellate power, as regulated by law, he should have shown his interest in the subject matter to the Probate Court, and upon that foundation mq.de himself a party to the proceedings therein, wherein by bill of exceptions he might have placed upon the record all the evidence and facts upon which the judgment and decree of the court was based; and from these proceedings he might have taken an appeal to the Circuit Court, (Digest, page 142, ch. 4, sec. 176, and Pamphlet Acts 1849, page 59,) and from thence the case might have been brought here. But he failed to take any such steps, and now asks to be relieved here by our powers of superintendency and control from the effects of a judgment of a superior court in a proceeding in rem on a subject matter clearly within its jurisdiction, (see the case of Adamson et al. vs. Cummins ad., at p. 549, that case in 5 Eng.,) which cannot be a nullity, as we have held in Borden et al. vs. The State, use, &c., (6 Eng. R.,) and when in consequence all reasonable presumptions of law are in favor of the regularity of the proceedings. Having, during the present term, in the case of John Carnall vs. The County of Crawford, (6 Eng.,) expressed our views as to the time nature and character of the powers of superintendency and control entrusted by the framers of the constitution to this court over all inferior tribunals; and to the Circuit Court over County Courts and Justices of the Peace (in the former of which two latter the Probate Courts are clearly included); and having overruled so much of the cases of Ex parte Anthony (5 Ark., at p. 363 to 364) and Levy vs. Lychinski, (3 Eng. 113,) as conflict with these views; and approved so much of the doctrine of the dissenting opinion in. Amour Hunt Ex parte (5 Eng. 288) as sustains them, we have now occasion to adopt the residue of the doctrines of that opinion, and especially those relating to the contingency, on the happening of which this court will exercise those powers, sustained as these doctrines are by the Alabama decisions cited by us in the case of Carnall vs. Crawford County. And, in doing so, we must overrule the doctrine of Webb & Estell vs. Hanger & Winston, (1 Ark. 122,) and of the cases based upon it, where the doctrine is laid down in substance that a party aggrieved by the decision of a County, Probate, or Justice’s Court may apply directly to this court without having first made application to a Circuit Court or showing any reason for not having done so. And as the case before us presents a case for the application of the doctrine that we have above adopted as the true constitutional doctrine, as to when our power of superintendency and control shall be exercised, we shall put our refusal of action in this case upon the ground that the petitioner has no right to such a remedy as he applies for here, until he has first sought it at the hands of the Circuit Court, or can show us that that court is incompetent to act in the premises, either in consequence of some inherent defect in the tribunal or of some incompetency of its incumbent. Let the application be refused.